IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH ROSCH | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.P. MORGAN CHASE BANK, N.A. | ) | Case No. |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiff brings this action for unpaid overtime, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

2. The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claims.

4. Venue is appropriate under 28 U.S.C. §1391, because Defendant, J. P. Morgan Chase N.A., ("Chase") operates in the State of Illinois, including this County, and throughout the United States.

5. Venue is also appropriate under 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this County.

### PARTIES

6. Plaintiff Elizabeth Rosch is a resident of Inverness, Illinois, which is located in Cook County, Illinois.

7. Plaintiff was, at all times relevant, employed by Chase as a document processor in the Chase office in one of its downtown Chicago offices.

8. Defendant managed Plaintiff's work, including the amount of overtime required to be worked.

## GENERAL ALLEGATIONS

9. Plaintiff was employed as a document processor handling the paper work for letters of credit.

10. This action is brought to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff.

11. During the statutory period, Plaintiff routinely worked in excess of forty (40) hours per week without overtime compensation.

12. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* specifically § 207(a)(1). As a result of this unlawful practice, Plaintiff suffered a loss of wages.

13. Defendant failed to pay overtime wages and other benefits to Plaintiff during her employment by intentionally, willfully and falsely lowering her recorded compensable time. For example, Plaintiff routinely worked 12 and 14 hour days, but was only paid for 8 hour days. Plaintiff supervised no other employees and had no authority to make final decisions on any files without management approval.

## COUNT I
## FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ.,

## UNPAID WAGES/OVERTIME

14. Plaintiff repeats and re-alleges paragraphs 1 through 15 as though fully set forth herein.

15. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff regularly worked more than 40 hours per week, but was not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally willfully and improperly changing her time records.

16. Defendant's actions were willful. Defendant deliberately reduced the compensable time of the Plaintiff by informing them that they could only write down 40 hours per week on their weekly time cards and could only be paid for 40 hours per week.

17. Plaintiff has raised this issue with management and has been informed that she was being paid appropriately. This is however demonstrably false. Since Plaintiff must swipe cards to enter and exit the building, there is a record of when she was at work and this record does not jibe with the time records she was paid from.

## COUNT II

## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

18. Plaintiff repeats and re-alleges the above paragraphs.

19. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

20. Defendant failed to pay Plaintiff for overtime hours worked.

21. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

22. Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Elizabeth Rosch, individually, by her attorneys, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

- A. Declare and find that the Defendant committed one or more of the following acts:
    - i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;
    - ii Willfully violated overtime provisions of the FLSA;
- B. Award compensatory damages, including all overtime pay owed, in an amount according to proof;
- C. Award an equal amount as liquidated damages for all FLSA claims;
- D. Order the disgorgement of all monies improperly retained or obtained by Defendant;
- E. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;
- F. Award Plaintiff damages in the amount of overtime wages required by the IMWA improperly denied them by Defendant's actions;
- G. Award all costs and attorney's fees incurred prosecuting this claim;
- H. Give leave to amend to add claims under applicable state and federal laws;
- I. Give leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,
- J. For such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury as to all issues triable by jury.

Dated: July 15, 2015     Respectfully Submitted


                                             s/Terrence Buehler_____
                                             One of the Attorneys for the Plaintiffs

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Dr.
Suite 1400
Chicago, IL 60601
(312) 372-2209

Peter Lubin
Vincent DiTommaso
DiTommaso-Lubin P.C.
17W 220 22nd Street, Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0000
(630) 333-0333 (facsimile)